BRIDGET TORMEY, Respondent, *v.* THE MAYOR, Etc., OF THE CITY OF NEW YORK, Appellants.

*Municipal corporation — liability of, for acts of municipal boards or departments.*

Although, where a board or department of a city government is created by legislative enactment, and is not subject to the control or direction of the city government, the latter deriving no pecuniary benefit from the existence of the former, the city government is not responsible for damages occasioned by the negligence and malfeasance of the former; yet where the city does derive a benefit from the existence of the board, and its employes participate in the wrong, by which the injury is occasioned, it is liable therefor.

Appeal from an order overruling a demurrer to the complaint, on the ground that it did not state facts constituting a cause of action. The complaint alleged among other things, that the defendants were a municipal corporation, and that there was a department in said corporation created by the charter, and known as the "health depart ment" or board of health of said city, which said board was authorized to adopt, and had adopted certain sanitary ordinances or "sanitary code," and were also authorized to add additional provisions thereto. That by reason of the premises the defendants as a municipal corporation as aforesaid, received and derived and still receive. and derive a personal and pecuniary benefit from the existence and acts of the said health department or board of health. That the said defendants were authorized by law, through their said health department or board of health, to adopt measures to prevent the spread of small-pox, and to remove persons affected by such disease, and were required to procure suitable places for the reception of persons sick of such disease, and to properly provide for them therein in case they should remove them thereto. That, on the 27th day of May, 1871, this plaintiff was at her residence in No. 34 First street, in the city of New York, and was then sick of a disease which, although it required her to be kept from exposure, was of a simple nature, and was not dangerous to life or health; that on said day the defendants, through their said department or board of health, falsely claiming that this plaintiff was sick with small-pox, took her from her house and family, and placed her in

a wagon used for the transportation of small-pox patients, and wholly unfit and improper for the conveyance of any sick or other person, and removed her to Bellevue hospital; that this was done without any report having been made to them by any physician or other reputable person, that this plaintiff was afflicted with small-pox, and without any medical or other examination made by them to ascertain whether such was the fact, and without reasonable cause or the exercise of that precaution and investigation which the defendants were bound to exercise in such matters; but said servants and agents of the defendants, although expressly requested thereto, wholly failed and neglected to cause any such medical examination to be made, and refused to allow the husband of this plaintiff to send for a physician to make the same, but persisted in removing this plaintiff to said hospital at once, and in spite of all objections made by this plaintiff and her said husband; and plaintiff alleges that the defendants, through their agents, were guilty of gross carelessness and negligence in the matter. This plaintiff further alleges, that upon the arrival of this plaintiff at said hospital she was left in an open shed fronting upon the river, and which was a wholly unfit and dangerous place for her to remain in, and was, through the carelessness and negligence of the defendants' agents and employes, obliged to remain therein, and in the company of persons actually sick of small-pox, for a long time, to wit, for the space of about one hour. That, after this plaintiff had remained at said hospital as aforesaid, she was examined by a number of physicians belonging thereto, and who were employed by said defendants to examine the patients therein, who all stated that she was sick, not with small-pox, but with measles, and that her removal from her house was wholly without justification; yet that these same physicians and the other agents and employes of the defendants having charge of said hospital, alleging that they had no power in the premises, under the regulations of the defendants' board of health, to rescind the previous irregular action of said officials, but were bound to abide thereby, refused to permit said plaintiff to be taken back by her said husband to her residence — as both she and her husband desired should be done — but sent her, against her will and that of her husband, to another hospital at Blackwell's Island, and that by negligence and carelessness of the

defendants' employes having charge of her removal she was com-
pelled, although in a sick and enfeebled condition, to walk a long
distance through wet grass, and at a late hour at night, so that at
the time of her arrival at such hospital her clothing was soaked
with water, all of which exposure was wholly unnecessary, and
arose from, and was a violation of the duty which said defendants
owed to this plaintiff, and was extremely dangerous and injurious
to the plaintiff. That the plaintiff was kept in said hospital upon
said island for a long time, to wit, for the space of seven days,
against her will and without any cause whatever; that during that
period she was deprived of the society of her family and friends,
and was treated with great carelessness and brutality upon the part
of the employes of said defendants having charge of said hospital,
being deprived of the medicine and attendance required by her in
her enfeebled condition, compelled to closely associate with persons
afflicted with malignant and infectious diseases, obliged to listen
and submit to foul and abusive language, the money in her pos-
session upon her entrance being stolen.

*D. J. Dean,* for the appellant. The principal statute defining
the powers of the board of health is the act chapter 74, Laws of
1876, by which the metropolitan sanitary district was created, and
the metropolitan board of health was instituted to administer the
sanitary government thereof. By sections 90 to 93, chapter 137,
Laws of 1870, the metropolitan board of health was abolished and
the health department created and empowered to exercise within
the city of New York all the powers theretofore conferred upon
the metropolitan board of health. The health department thus
created continued to be as independent and incapable of control by
the city corporation as was the pre-existing "metropolitan board
of health." (*Ham* v. *Mayor,* 37 Superior Ct. Rep., 467;
*Schreyer* v. *Mayor,* 39 id., 1; *Dannatt* v. *Mayor,* 6 Hun, 90;
affirmed by Court of Appeals.) The rule of *respondeat superior*
is based upon the right of the employer to select his servants and
discharge them if careless or unskillful. The rule has no applica-
tion to a case in which this power does not exist. (*Pack* v. *The
Mayor,* 8 N. Y., 222; *Kelly* v. *Mayor,* 11 id., 432; *Blake* v.
*Ferris,* 5 id., 48; *Laugher* v. *Pointer,* 5 Barn. & Cress., 460;

*Quarman* v. *Bennett*, 4 Mees. & W., 499 ; 2 Dillon on Corp., § 772 ; *Mayor* v. *Bailey*, 2 Denio, 433, 437, and authorities cited by Hand, senator ; *Walcott* v. *Swampscott*, 1 Allen, 101 ; *White* v. *Philipston*, 10 Metc., 108 ; *Riggs* v. *Foote*, 4 Allen, 195, 197 ; *Kimball* v. *Boston*, 1 Allen, 417 ; *Child* v. *Boston*, 4 Allen, 41, 52 ; *Morrison* v. *Lawrence*, 98 Mass., 219 ; *Maximilian* v. *The Mayor*, 62 N. Y., 163.) A municipal corporation is not liable for the misfeasance or nonfeasance of one of its officers, in respect to a duty specifically imposed by statute on the officer. (*Martin* v. *Mayor*, 1 Hill, 545 ; *Lorillard* v. *Town of Monroe*, 11 N. Y., 392, 396.) Nor for acts of misfeasance of public officers not appointed by them, although performing certain acts for them under the law for which they are appointed. (*Bank of Commonwealth* v. *The Mayor*, 43 N. Y., 184.) Nor for the neglect of the board of police commissioners, who are not appointed by, or responsible to, the corporation. (*Atwater* v. *Baltimore*, 31 Md., 462.) Nor for the negligence of the members appointed and paid by the city council, of a fire department established by the city council pursuant to an act of the legislature, as a department of the city. (*Hafford* v. *City of New Bedford*, 82 Mass. [16 Gray], 297.) Nor for the negligence of a member of the fire department. (*Fisher* v. *Boston*, 104 Mass., 87.) Nor for an assault and battery committed by its police officers, even though it was done in an attempt to enforce an ordinance of the city. (*Buttrick* v. *City of Lowell*, 83 Mass. [1 Allen], 172.) Nor for the negligence of a policeman, who injured the plaintiff by carelessly using a pistol while engaged in killing a rabid dog, pursuant to a corporate ordinance. (*McKay* v. *Buffalo*, 9 Hun, 402 ; *Russell* v. *The Mayor*, 2 Denio, 473, 481.) The duty of protecting the public health, which is devolved upon the health department, is purely public and governmental; and even if exercised by the defendants, through the department, is not exercised for the benefit or emolument of the corporation, but solely as a means of exercising the sovereign power of the State for the benefit of all the citizens. (Dillon on Mun. Corp., vol. 1, p. 150, § 39 ; *Bailey* v. *The Mayor*, 3 Hill, 531 ; *O'Meara* v. *The Mayor*, 1 Daly, 425.) A municipal corporation is not liable for damages sustained by the plaintiff, in consequence of the negligence of an attendant in the performance of his duty in a hospital main-

tained by it (*Richmond* v. *Long*, 17 Grattan, 375); nor for injury sustained by the plaintiff in consequence of negligent treatment by the county physician at the county hospital, nor by reason of insufficient and unwholesome food there supplied to the patient. (*Sherbourn* v. *Yuba*, 21 Cal., 113; *Oliver* v. *Worcester*, 102 Mass., 489, 499; *Detroit* v. *Cory*, 9 Mich., 165.) No action can be maintained against a town, upon which the duties of a "school district" were imposed by statute, for negligence in respect to the safe condition of school buildings. (*Biglow* v. *Randolph*, 14 Gray, 544; *Eastman* v. *Meredith*, 36 N. H., 284; *Murphy* v. *Commissioners*, 28 N. Y. Rep., 142; *Whitfield* v. *Le Deprew*, Cowp., 242; *Mead* v. *New Haven*, 40 Conn., 72; *Brown* v. *Vinalhaven*, 65 Maine, 402; *Mitchell* v. *Rockland*, 52 id., 118.) The duties imposed by the statute upon the health department, in relation to caring for the public health, are to be exercised according to discretion of the officers thereof; in this respect their functions are judicial, and no liability to action for damages can be predicated upon misfortunes arising from their errors. (*Mills* v. *Brooklyn*, 32 N. Y. Rep., 496; *Cole* v. *Medina*, 27 Barb., 218; *Kavanagh* v. *Brooklyn*, 38 id., 232; *Rochester White Lead Co.* v. *Rochester*, 3 N. Y. Rep., 463; *Hutson* v. *Mayor*, 5 Selden, 163; *Wilson* v. *Mayor*, 1 Denio, 595; *Levy* v. *Mayor*, 1 Sandf., 468.)

*George W. Wingate*, for the respondent. The admission of the allegation in the complaint, that the defendants, as a municipal corporation, received a personal and pecuniary benefit from the existence and acts of the board of health, takes this case out of the rule exempting the city from liability laid down in the case of *Maximilian* v. *The Mayor, etc.* (62 N. Y., 160). The board of health did not act judicially, because they made no examination whatever of the plaintiff, and received no report of her case, and they therefore had nothing before them to pass upon. (*Miller* v. *Brinkerhoff*, 4 Denio, 118; *Metropolitan Board of Health* v. *Huster*, 37 N. Y., 661, 672.) The defendant was liable in this case. (*Jones* v. *City of New Haven*, 34 Conn., 15; *Henly* v. *Mayor of Lyme*, 5 Bing., 108; *Scott* v. *Mayor of Manchester*, 2 H. & N., 205; *City of Chicago* v. *Powers*, 42 Ill., 19; *City of Pittsburg* v. *Grier*, 10 Harris [22 Pa.], 64; *Mayor, etc., of Savannah* v. *Cullens*,

38 Ga., 334.) The distinction drawn in the case of *Bailey* v. *The Mayor* (3 Hill, 531), between powers conferred upon the corporate body in its public character, and those conferred for purposes of private advantage or emolument has been expressly overruled by the Court of Appeals; and is stated by them " to have been substantially repudiated, and therefore cannot be considered as a precedent." (*Darlington* v. *The Mayor*, 31 N. Y., 201–204.) This is also held substantially by the Supreme Court of the United States. (*Barnes* v. *District of Columbia*, 91 U. S. [1 Otto], 544–545, 547–554; *Weightman* v. *Corporation of Washington*, 1 Black [U. S.], 39–50; *Nebraska City* v. *Campbell*, 2 Black, 590–592.) All the powers conferred upon a corporation for the local government of a town or city, are in the judgment of law for the private benefit of such corporation, although the public at large may also derive benefit from them. (*Mayor of Memphis* v. *Lassar*, 9 Humph., 759.)

Daniels, J. :

This action has been brought to recover damages for forcibly removing the plaintiff, against her will, from her own residence to the small-pox hospital, while she was afflicted only with the disease known as measles. According to the complaint the removal was in part the result of the authority and action of the board of health of the city of New York. And because that board exercises its authority wholly under the laws, and not under the control or direction of the municipal government of the city, the defendant demurred to the complaint upon the theory that it could not, under the circumstances, be held liable for the conduct or act of the servants of that board.

This theory derives support from the decisions made in the case of *Maximilian* v. *Mayor, etc.* (9 N. Y. Sup. Ct. Rep'ts, 263 ; affirmed 62 N. Y., 160). And it has been farther illustrated and sustained by the very able briefs presented by both parties upon the argument of this appeal. But in the present case other important facts are alleged for the purpose of supporting the defendant's liability, beyond those upon which that case was considered and decided. And they show that the defendant, by means of its own employes, participated in the commission of the gross wrong which was suffered by the plaintiff. And if that were the case it may

have made itself liable for the legal consequences of the plaintiff's removal and detention. Upon this subject it was stated that "the defendants, through their said department or board of health, falsely claiming that this plaintiff was sick with small-pox, took her from her house and family," etc.; "that said servants and agents of the defendants, although expressly requested thereto, wholly failed and neglected to cause any medical examination to be made of her disease before removing her; that the defendants, through their agents, were guilty of gross carelessness and negligence in the matter."

It was also alleged that after her removal she was placed and detained in an open shed, "and was, through the carelessness and negligence of the defendant's agents and employes, obliged to remain therein and in the company of persons actually sick of small-pox, for the space of about one hour." That after she was taken to the hospital "she was examined by a number of physicians belonging thereto, and who were employed by said defendants to examine the patients therein, who discovered that her disease was not small-pox but measles, and yet these physicians and the other agents and employes of the defendants having charge of said hospital, alleging that they had no power in the premises, refused to permit said plaintiff to be taken to her residence, but sent her against her will to another hospital at Blackwell's Island, and that by negligence and carelessness of the defendant's employes having charge of her removal, she was compelled, although in a sick and enfeebled condition, to walk a long distance through wet grass and at a late hour at night, so that at the time of her arrival at such hospital her clothing was soaked with water, and that she was there detained against her will for the space of seven days, where she was treated with great carelessness and brutality upon the part of the employes of said defendants having charge of said hospital."

These are material allegations and consequently are admitted by the demurrer, and must, for the present consideration of the case, be accepted as the truth. They show that the plaintiff was made the subject of the most cruel wrongs on the part of persons in the employment of the defendant, and in the course of the discharge of their duties. And that being the case, as the defendant is alleged also to have derived a personal and pecuniary benefit from the

existence and acts of the health department or board of health, a case was presented which, under the authorities, was sufficient to render the defendant liable as a municipal corporation. (2 Dillon on Municipal Corporations, § 772, and cases referred to; *Mayor* v. *Bailey*, 2 Denio, 433 ; *Weightman* v. *Corporation of Washington*, 1 Black, 39 ; *Nebraska City* v. *Campbell*, 2 id., 590.)

It may be that the plaintiff has stated her case much more unfavorably to the defendant than the evidence will sustain, but if she has, no means exist for correcting it while the facts alleged are admitted on the record. The argument proceeded upon the assumption that such was the case, and it was not very positively denied by the learned counsel for the plaintiff. But as the case must be decided upon the facts disclosed by the record alone, and not upon concessions appearing to be made concerning the probable truth of their existence, what was said in that respect in the course of the argument, cannot be allowed to have any weight in the disposition which should be made of it. If the facts turn out as they have been alleged, and it must now be supposed that they will, then, even if the wrong was in part committed by the health department, acts of an unlawful nature are also shown to have been perpetrated by the officers and agents of the defendant, and for them, and to the extent the plaintiff was injured by them, it should be held to be legally liable.

It is seldom so grave wrongs are alleged against public agents and officials. And if they existed as they have been described, they should be criminally punished as well as civilly redressed. The public has such an interest in the case as should lead to its vindication for the protection of others, who may be in danger of similar abuses of authority.

The order should be affirmed, but with leave to the defendant to withdraw its demurrer and answer within twenty days, upon payment of the costs arising upon the demurrer and the appeal, and with the usual disbursements.

Davis, P. J., and Brady, J., concurred.

Order affirmed with leave to defendant to withdraw demurrer, and answer in twenty days on payment of costs arising upon demurrer and the appeal, and with the usual disbursements.